**Cheryl A. CLARK, Plaintiff**

v.

**AMERICAN ELECTRIC POWER SYSTEM LONG TERM DISABILITY PLAN, American Electric Power System Life Insurance Plan, and American Electric Power System Retirement Plan, Defendants.**

**Civil Action No. 4:12cv–00009–JHM.**

United States District Court,
W.D. Kentucky,
at Owensboro.

July 2, 2012.

Michael D. Grabhorn, Grabhorn Law Office, PLLC, Louisville, KY, for Plaintiff.

Matthew R. Parsons, Lindsey Wood Ingram, III, Stoll Keenon Ogden PLLC, Lexington, KY, for Defendants.

## ORDER

H. BRENT BRENNENSTUHL,
United States Magistrate Judge.

This matter is before the court on motion of Plaintiff for leave to conduct discovery. The parties initially informed the court in their Rule 26(f) litigation planning report that they disagreed over the issue of discovery (DN 14). The court instructed them to confer and report the results of their efforts to resolve the disagreement (DN 15). The parties reported they were unsuccessful in resolving their dispute, and proposed a schedule for briefing the issue (DN 20), which the court accepted (DN 21). The subject motion (DN 22) was filed in conformance with that schedule, as were the Defendants' response (DN 22) and the Plaintiff's reply (DN 23). The matter is now fully briefed.

## Background

This matter arises from the termination of benefits under a long-term disability insurance plan. Plaintiff was previously employed by American Electric Power System, and a participant in that company's long-term disability plan, a plan falling within the coverage of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").[1] In 1994, the Plaintiff was determined to be disabled, and received monthly long-term disability benefits until 2010, when the plan claims administrator, Prudential, notified the Plaintiff that it had determined she no longer met the definition of "disability" under the plan. The Plaintiff administratively appealed the determination, and the determination was upheld. Plaintiff then filed the present action, in which she alleges that she is disabled under the long-term plan provisions, and "the decision to terminate Mrs. Clark's benefits was contrary to the terms of the plan, arbitrary and capricious, and not supported by reliable evidence in the record" (DN 1 at ¶ 21).

## Discovery sought by Plaintiff.

In her motion (DN 22), the Plaintiff seeks leave to conduct discovery in the case, and has indicated her desire to obtain information "including but not limited to:"

-The factual basis for Defendant's affirmative defenses.

-The specific rationale for Defendant's claims and appeals decisions.

-The Defendant's compliance with the applicable Department of Labor claims regulations.

---

1. In addition to naming American Electric Power System Long Term Disability Plan as a defendant, the Plaintiff has also joined American Electric Power System Life Insurance Plan and American Electric Power System Retirement Plan as defendants, as the providers of life insurance and retirement plans in which she is also a participant. Plaintiff's motion for leave to conduct discovery only appears to deal with the long-term disability plan, so this order will only refer to that defendant and issue.

-The Defendant's relationship with plan third-party administrator Prudential.

-The standard of review, including any delegation of and exercise of discretionary authority.

-The steps taken by Defendant to minimize or eliminate any inherent financial bias.

In her reply pleading (DN 24), Plaintiff further identifies discovery (and states that it is "not intended to be an exhaustive list") to which she contends she is entitled:

-Defendants' lack of compliance with the claims regulations requirement that the plan establish written "claims procedures [that] contain administrative processes and safeguards designed to ensure and verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants."

-Defendants' lack of compliance with the plan requirement that in considering Mrs. Clark's appeal that the "review ... afford no deference to the initial benefit determination."

-Defendants' failure to comply with the plan requirement that it ensure any medical opinion relied upon in denying Mrs. Clark's appeal (or terminating her benefits) be made by a health professional with appropriate training and experience.

-Defendants did not utilize, and have failed to file with the Court, the applicable plan documents in effect at the time of Mrs. Clark's commencement of benefits. Moreover, assuming the later filed documents are applicable, Defendants have not produced any documentation demonstrating any proper amendment, including notice to plan participants such as Mrs. Clark.

-Defendants' refusal to disclose the name of the reviewing licensed psychiatrist/psychologist so that Mrs. Clark's raw data could be reviewed as part of her appeal.

-Defendants' refusal to provide, or include in the record, all communications between itself, Prudential, Psybar, Yohmann (claim reviewer) and Kolbell (appeal reviewer) concerning Mrs. Clark's disabling conditions.

-Defendants' failure to provide, or include in the record, all of the data (raw data, testing, etc.) prepared by Yohmann as part of his examination.

-Defendants' use of Kolbell for a medical opinion in direct violation of Kentucky's licensing requirements for medical professionals.

-Defendants' use of a reasonable standard as opposed to an "accurate" standard in deciding Mrs. Clark's appeal.

Defendant opposes discovery, contending that, in an action brought under ERISA, the Court's review of a plan administrator's decision to terminate benefits is confined to the administrative record, and no discovery may be conducted outside the record. Defendant primarily relies upon *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir.1998) for support.

### Scope of discovery permitted in an ERISA case.

That a district court's review of a plan administrator's determination is limited to the proof contained in the administrative record, with only limited exception, is well recognized within the Sixth Circuit:

"The general rule is that a district court should base its review of an ERISA-based claim of an alleged denial of benefits solely upon the administrative record. The rationale for this rule is that a limited review serves ERISA's pur-

pose of providing a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Considering evidence that was not presented to the administrator would impair the achievement of that goal. Nevertheless, a limited exception to the general rule provides that a court may consider evidence outside the administrative record if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an allegation of bias or a lack of due process."

*Busch v. Hartford Life and Acc. Ins. Co.*, 2010 WL 3842367, 2010 U.S. Dist. LEXIS 101881 (E.D.Ky.2010) (*citing Wilkins, supra*, at 619; *Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir.1990)).

■ An allegation of a due process violation triggers the exception to the ERISA discovery rule. The due process inquiry is directed to whether the reviewer gave the claimant a full and fair hearing. This inquiry, however, is only relevant to the Court's determination of whether the reviewer's decision is entitled to deference. *Cramer v. Appalachian Regional Healthcare, Inc.*, 2012 WL 996583, 2012 U.S. Dist. LEXIS 40033 (E.D.Ky.2012). Discovery outside the administrative record is limited to such procedural challenges. *Wilkins, supra* at 619.

■ Subsequent to the *Wilkins* decision, the Supreme Court handed down *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008). In *Glenn*, the Court considered the question of whether a plan administrator that both evaluates and pays claims operates under a conflict of interest in making discretionary benefits determinations and how such conflict should be taken into account on judicial review of a discretionary benefit determination. *Glenn, supra*, at 2347. ERISA plaintiffs may look beyond the administrative record to explore the possible existence of a conflict and whether the conflict affected the benefits decision of the plan administrator/payor. *Mullins v. Prudential Ins. Co. of America*, 267 F.R.D. 504, 511 (W.D.Ky. 2010). The full effect of *Glenn* on discovery in ERISA cases has not yet come fully into focus, and it is left to the various courts to "fully flesh out the scope of discovery." *Mullins, supra*, at 512. At present, "permitted areas of inquiry," are recognized:

-incentive, bonus or reward programs or systems, formal or informal, for any employee(s) involved in any meaningful way in reviewing disability claims;

-contractual connections between plan administrator/payor and the reviewers utilized in plaintiff's claim, and financial payments paid annually to the reviewers from the administrator/payor;

-statistical data regarding the number of claims files sent to the reviewers and the number of denials which resulted;

-the number of times the reviewers found claimants able to work in at least a sedentary occupation or found that claimants were not disabled;

-documentation of administrative processes designed only to check the accuracy of grants of claims (limited to claims guidelines actually consulted to adjudicate the plaintiff's claim).

*Mullins, supra*, at 513; *see also Busch, supra; Thornton v. Western and Southern Life Ins. Co.*, 2010 WL 411119, 2010 U.S. Dist. LEXIS 7221 (W.D.Ky.2010); *Bird v. GTX, Inc.*, 2009 WL 3839478, 2009 U.S. Dist. LEXIS 106301 (W.D.Tenn.2009).

■ Where an administrator both evaluates and pays claims, this alone is a sufficient basis for authorizing discovery to explore the potential bias. *Busch, supra*. A defendant's argument that nothing in the administrative record suggests any

procedural irregularity or bias is irrelevant, as it is not evidence in the administrative record which "opens the door," but rather the mere existence of an inherent conflict of interest, namely that the administrator determines eligibility and makes payment from its own funds, which allows Plaintiff some limited discovery. *McQueen v. Life Ins. Co. of N. Amer.*, 595 F.Supp.2d 752, 754 at fn. 1 (E.D.Ky.2009).

■ Specific topics related to "reviewer credibility," however, are deemed not to be within the "permitted areas of inquiry," including:

-reviewer personnel files;

-reviewer performance reviews;

-employee pay records;

-information regarding the training and qualifications of reviewers;

-whether reviewers have every faced criminal charges, civil suits or disciplinary action;

-whether reviewers failed to achieve board certification;

-whether reviewers recently treated patients.

*Busch, supra; Mullins, supra.*

■ In sum, *Glenn's* authorization of discovery is limited to the possibility of a financial bias on the part of the administrator and the payor, and discovery is not permitted on topics intended to challenge the specific qualifications of the person or persons actually performing the review, so as to collaterally challenge the determination on that basis. "While the plaintiff has a right to obtain discovery regarding the defendant's conflict of interest, the scope of that discovery must be limited to the conflict of interest and any allegations of bias." *McQueen, supra,* at 755.

Having thus delineated the narrow scope of discovery permitted in an ERISA case such as this, the analysis turns to the issues on which Plaintiff seeks discovery.

### *Due process deprivation.*

■ Plaintiff has identified several topics upon which she desires discovery, some broad and some specific. Her qualification of her listings as "including but not limited to" and "not intended to be an exhaustive list" creates a challenge for the Court in analyzing the desired discovery. The Court notes that it may consider evidence outside the administrative record only when offered to challenge **the process** of an ERISA benefits determination, rather than **the substance** of that decision. *Tolbert v. Ky. Farm Bureau Mut. Ins. Cos.,* 2012 WL 1567941, 2012 U.S. Dist LEXIS 59966 (W.D.Ky.2012)(emphasis added). Although limited discovery is permitted on alleged procedural violations, the Plaintiff must demonstrate how the information requested is relevant to the issues before the Court. *Cramer, supra.* Moreover, the Court's review is confined to the administrative record as it existed when the final decision on the administrative appeal was issued. *Moon v. Unum Provident Corp.,* 405 F.3d 373, 378 (6th Cir. 2005).

Plaintiff's entitlement to discovery in this matter beyond the administrative record is narrowly limited to those matters which are directly relevant to whether she was afforded due process in the benefit claims review procedure, and she must be able to articulate how such discovery is relevant to the issues before the Court. Plaintiff is cautioned to *narrowly* tailor her discovery requests to the Defendant in accordance with this guidance. The Defendant may object to any discovery request which it believes does not fall within the narrow scope of permitted discover.

### *Conflict of interest.*

■ As previously discussed, *Mullins* permits limited discovery to determine the impact a conflict of interest may have on the court's standard of review in evaluat-

ing the challenge to the administrator's findings. A critical threshold, however, is whether, in fact, the administrator and payor are one in the same, so as to create the possibility of a conflict of interest. "The mere existence of an inherent conflict of interest that arises when **the same entity is both plan administrator and benefits payor** is itself the 'threshold.' ERISA plaintiffs need do no more than **show the existence of such inherent conflict** in order to obtain discovery." *Mullins, supra* (emphasis added).

■■■ The case at bar presents a different posture than the cases previously cited in this Order. In those cases, it does not appear that the plan administrators challenged the assertion that they were also responsible for paying claims. Here, the Defendant asserts there is a complete separation of financial interest between itself and Prudential, the plan administrator, and that Prudential has been delegated discretion in making eligibility determinations. Defendant has provided affidavits to that effect. While there may be no conflict of interest or financial bias involved in Prudential's benefits determination, it would be inequitable to accept the Defendant's attestation on the issue without affording the Plaintiff an opportunity to test the validity of that attestation.

As the existence of a financial interest connection between the plan and Prudential is a threshold for discovery on the issue of bias, and existence of that connection is disputed in this case, a two-phase discovery scheme is appropriate. Initially, Plaintiff will be entitled to conduct discovery limited solely to the issue of whether Prudential or the individuals participating in the review of the Plaintiff's claim had any financial interest in the outcome of the claim, such that a denial of the claim was more financially advantageous to Prudential or the reviewer than an approval. If, following this limited discovery, Plaintiff is

able to demonstrate that an inherent conflict of interest exists, then Plaintiff will be permitted to proceed with additional discovery along the lines of the "permitted areas of inquiry" previously detailed. As before, Plaintiff is cautioned to *narrowly* tailor her discovery requests to this limited issue, and Defendant is entitled to object to any request it believes does not fall within the scope of permitted discovery.

**IT IS THEREFORE ORDERED** the Plaintiff's Motion for Leave to Seek Discovery is **GRANTED**, but discovery shall be narrowly limited as set forth herein.